[Civ. No. 6745. First Appellate District, Division One.—April 10, 1929.]

EVERETT LAUGHLIN et al., Respondents, v. G. E. HOUGHTON et al., Appellants.

Donohue, Hynes & Hamlin for Appellants.

Otto G. Kuklinski for Respondents.

TYLER, P. J.—Action for damages brought by the heirs at law of Flora Mabel Laughlin, deceased, claiming that decedent met her death in an automobile accident by reason

of the negligence of the defendants. The accident occurred about 9 o'clock in the evening of May 16, 1927, on the main highway running between the towns of Tracy and Livermore. Decedent was riding in a Ford touring car, accompanied by a relative, Mr. William Laughlin. The car was being driven by one Stewart Armstrong. The party had taken the husband of the deceased to his work and was returning to the Laughlin home. Deceased was seated in the tonneau with her two minor children, the elder being three years old and the younger some thirteen months, and the car was proceeding along the highway in a westerly direction. The accident occurred at Altamount, opposite the Summit Garage. At this place the paved portion of the highway is twenty feet in width, with a gravel road on either side. Defendant G. E. Houghton had driven a Mack truck, the body of which was some eighteen feet in length, in front of the garage, facing in an easterly direction toward Tracy, and he desired to turn the truck around for the purpose of proceeding in the opposite direction. He made a left-hand turn and pulled his truck across the highway, the rear end of the truck projecting diagonally back toward the paved portion thereof. While in this position the automobile in which deceased was riding struck the rear end of the truck, seriously injuring William Laughlin and killing the mother and her youngest child. The case was tried before a jury, which resulted in a verdict in favor of the plaintiffs in the sum of fifteen thousand dollars. A motion for a new trial was made and denied. This is an appeal from the judgment. ■ The sole point relied upon by defendants for a reversal is that there is no substantial evidence in the record to support the verdict. There is no merit in this claim. At the time of the accident there was a heavy traffic upon the highway, as many machines were being driven in both directions. At the point where defendant made his turn from the south to the north side of the highway there was no crossing or intersection. The automobile occupied by deceased was being driven at a rate of speed variously estimated at from twenty to twenty-five miles an hour at the time of the impact with defendants' truck. There is evidence to show that at this time the truck extended over the paved portion of the highway. While there is a conflict in the testimony upon this subject, it is a matter with which

we are not here concerned. In addition to the testimony the surrounding circumstances indicate that the end of the truck projected over and across the highway proper, as broken glass and the body of the child were found exactly in the middle thereof. The act of the driver of the truck in backing the same over a busy thoroughfare where there was no crossing or intersection, and at a time when many cars were passing in both directions, constituted such negligence on his part as warranted the jury in rendering a verdict for the plaintiffs.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.